FILED
2009 Jan-29 PM 02:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE RILEY, as surviving natural mother of JACOB RILEY, a minor, deceased,<br><br>　　Plaintiff,<br><br>vs.<br><br>SHOP-A-SNAK FOOD MART, INC., THE PANTRY, INC., MOUNTAIN VIEW MARKETING, INC., MCLANE COMPANY, INC., SNAP MANUFACTURING COMPANY, LTD.,<br><br>　　Defendants. | ]<br>]<br>]<br>]<br>]<br>]<br>]  7:08-CV-01338-LSC<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

MEMORANDUM OF OPINION and ORDER

The Court acknowledges a dispute between the two parties regarding the discoverability of records in the possession of the Department of Human Resources ("DHR") concerning the family of Stephanie Riley. The issue has been briefed by the parties and is ripe for review. Because the production of these records may lead to admissible evidence for the Defendants on the issue of foreseeability and proximate cause, these records are discoverable.

The case of *Williams v. BIC Corporation*, the facts of which are very similar to the instant matter, is particularly informative regarding the law of Alabama on this subject. 771 So. 2d 441 (Ala. 2000). In *Williams*, the Court held that failure of parental supervision did go to the issue of foreseeability and proximate cause in products-liability cases. *Id*. at 449-450. The issues of foreseeability and proximate cause are central to the claims in the instant case, and Defendants argue as an affirmative defense a lack of both. As such, DHR records that go to these two elements of Plaintiff's claims are discoverable.

These records will be provided under the following restrictions. The Court will file one copy, not viewable by any party or attorney, of all discoverable DHR records under seal. Another copy will be provided to the attorneys for each party. That copy is not to be further duplicated, nor is the information contained in the records to be disclosed to anyone other than the parties and appropriately designated experts. A separate protective order will also be issued. At the conclusion of this case, the original documents provided to each attorney shall be turned over to the

Court so that they can be destroyed. The Court will determine the admissibility of any information derived from discovery at a later date.

Done this <u>29th</u> day of January 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE